## FEDERAL SURETY CO. v. ROBBINS et al.

No. 22499. Opinion Filed Feb. 23, 1932.

Ames, Cochran, Ames & Monnet, for petitioner.

John T. Levergood, for C. W. Robbins.

J. Berry King, Atty. Gen., and R. D. Crowe, Asst. Atty. Gen., for State Industrial Commission.

HEFNER, J. This is an original proceeding in this court by the Federal Surety Company, as insurance carrier for Vaughn Oil Company, to review an award of the Industrial Commission awarding compensation to C. W. Robbins.

Claimant contends that he received an injury to his spine while in the employ of the Vaughn Oil Company and engaged in firing boilers for drilling operations on a certain lease located in Caddo county, Okla.; and that the injury occurred by reason of the explosion of a boiler. The Industrial Commission found that, by reason of the injury, claimant suffered an injury to his nerves and spine which rendered him temporarily totally disabled, and awarded him compensation at the rate of $18 per week for a period of 29 weeks, and ordered compensation to continue at that rate until otherwise ordered by the Commission.

Petitioner does not challenge the finding of the Commission that claimant sustained an injury as alleged. Its contention is that there is no competent evidence to sustain the finding of the Commission that claimant was in the employ of the Vaughn Oil Company at the time of the injury. The record discloses that the Vaughn Oil Company was a copartnership composed of Vaughn and Rush. It is conceded by petitioner that it was insurance carrier for the Vaughn Oil Company, but it contends that the evidence shows that at the time claimant was injured he was working for G. H. Vaughn, individually. The evidence shows that claimant was originally employed by the Vaughn Oil Company and that that company dissolved partnership as to all future transactions on September 3, 1930. The accident occurred on October 22, 1930. Mr. Dar Bonne, who was the superintendent for the Vaughn Oil Company, testified, in behalf of claimant, that the Vaughn Oil Company, about the 3rd of September, 1930, dissolved partnership as to all future transac-

tions, but that all contracts entered into prior to that date were to be completed in the name of the firm. The contract for drilling the well on which claimant was injured was entered into prior to the dissolution of the partnership. He also testified that claimant was in the employ of the firm and was paid by the firm for the work he was doing at the time he was injured. Claimant testified that he was employed by the firm and was working for the firm and paid by them at the time he was injured. We think this evidence sufficient to sustain the finding of the Commission that claimant was injured while in the employ of the Vaughn Oil Company.

The petition to vacate is denied.

Claimant requests judgment against petitioner and its sureties on the supersedeas bond, executed and filed by petitioner. The award provides that claimant shall be paid compensation at the rate of $18 per week for 29 weeks, or a total of $522, and that compensation shall continue at that rate until otherwise ordered by the Commission. The award does not definitely fix the total amount to which claimant is entitled. We do not, therefore, think judgment should be rendered on the supersedeas bond at this time. The request for judgment thereon is denied.

LESTER, C. J., CLARK, V. C. J., and ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, CULLISON, and SWINDALL, JJ., absent.